1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   ANDREW BRADSHAW, et al.,                    No. C 12-6376 JSW
12              Plaintiffs,                        **ORDER GRANTING MOTION TO**
                                                   **DISMISS**
13       v.
14   SLM CORPORATION, et al.,
15              Defendants.
16   _____/
17
18       Now before the Court is the motion to dismiss the First Amended Complaint ("FAC")
19   brought by Defendants SLM Corporation and Sallie Mae, Inc. (collectively "Defendants").  The
20   Court has considered the parties' papers, relevant legal authority, and the record in this case.  For the
21   reasons set forth in the remainder of this Order, Defendants' motion to dismiss is GRANTED.
22                              **BACKGROUND**
23       Plaintiffs are graduates of the California Culinary Academy ("CCA") who, on behalf of
24   themselves and a putative class, claim that Defendants issued them high-interest private education
25   loans without regard to Plaintiffs' ability to repay them.  (*See, e.g.*, FAC ¶¶ 1, 3, 8, 14, 16, 18, 20.)
26   Plaintiffs allege that CCA fraudulently induced them to attend the school, causing them to pay high
27   tuition fees for educations that turned out to be relatively worthless.  (*Id.* ¶¶ 15, 17, 19, 21, 32-47.)
28   Plaintiffs further allege that Defendants acted as the "preferred lender" for CCA, offering high-
     interest private loans to Plaintiffs, knowing that the educations Plaintiffs sought were unlikely to fit

United States District Court
For the Northern District of California

1   Plaintiffs to ever repay the loans.  (*Id.* ¶¶ 49, 58-62.)

2       Plaintiffs contend that Defendants were aware "that there was an unusually high probability

3   that Plaintiffs would be unable to make the full payments necessary to keep [the loans] from falling

4   into delinquency and default."  (*Id.* ¶ 4.)  Moreover, Plaintiffs allege that Defendants knew that

5   Plaintiffs were unaware of the high likelihood of default, and purposefully failed to inform Plaintiffs

6   of the risk.  (*Id.*)

7       The Court shall address additional facts as necessary to its analysis in the remainder of this

8   Order.

9                                    **ANALYSIS**

10  **A.      Legal Standards Applicable to Motion to Dismiss.**

11      Defendants now move the Court to dismiss Plaintiffs' FAC on the following bases: (1) it

12  fails to state a claim on which relief can be granted; (2) it fails to satisfy Rule 9(b)'s pleading

13  requirements; and (3) it fails to satisfy Rule 8(a)'s pleading requirements.

14          **1.      Rule 12(b)(6).**

15      A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

16  pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the

17  light most favorable to the non-moving party and all material allegations in the complaint are taken

18  as true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  However, even under the liberal

19  pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the

20  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

21  recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

22  544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

23      Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must

24  instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A

25  claim has facial plausibility when the pleaded factual content that allows the court to draw the

26  reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556

27  U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a

28  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  unlawfully . . . .  Where a complaint pleads facts that are merely consistent with a defendant's

2  liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

3  (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are

4  insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.

5  *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc.*

6  *v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

7       As a general rule, "a district court may not consider any material beyond the pleadings in

8  ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled*

9  *on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation

10  omitted).  However, the Court may consider documents attached to the complaint, or documents

11  relied upon but not attached to the complaint, when the authenticity of those documents is not

12  questioned, as well as other matters of which the Court can take judicial notice, without converting a

13  motion to dismiss into a motion for summary judgment.  *Zucco Partners LLC v. Digimarc Corp.*,

14  552 F.3d 981, 990 (9th Cir. 2009).  Further, "documents whose contents are alleged in a complaint

15  and whose authenticity no party questions" may be considered in ruling on a 12(b)(6) motion.

16  *Branch*, 14 F.3d at 454.

17       Plaintiffs have asked the Court to take judicial notice of a loan document, attributable to

18  Defendants, that approximates the contracts Plaintiffs entered into with Defendants.  (*See* Request

19  for Judicial Notice in Support of Opposition to Defendants' Motion to Dismiss at 2.)  Defendants

20  have made no objection.  Therefore, the Court GRANTS Plaintiffs' request for judicial notice of the

21  loan document.

22       **2.     Rule 9(b).**

23       According to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity

24  the circumstances constituting fraud or mistake."  In addition, a claim "grounded in fraud" may be

25  subject to Rule 9(b)'s heightened pleading requirements.  A claim is "grounded in fraud" if the

26  plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct

27  as the basis of his or her claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir.

28  2003). However, Rule 9(b)'s particularity requirements must be read in harmony with Federal Rule

of Civil Procedure 8's requirement of a "short and plain" statement of the claim.  Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess,* 317 F.3d at 1106. Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

### 3.    Rule 8(a).

Federal Rule of Civil Procedure 8(a) directs that complaints must contain a statement of jurisdictional grounds, a short and plain statement of the claim, and the relief sought.  Dismissal is proper under Rule 8(a) where "the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  The Rule has been held to be violated where a complaint is "highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citations omitted). However, dismissal for violation of Rule 8(a) is generally reserved for a complaint that is so "verbose, confused and redundant that its true substance, if any, is well disguised."  *Gottschalk v. City & Cnty. of San Francisco*, No. C-12-4531 EMC, 2013 WL 5567010, at *4 (N.D. Cal. Feb. 12, 2013) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

Because this ruling is based on other grounds, the Court DENIES Defendant's motion to dismiss for failure to comply with Rule 8(a).

## B.    Choice of Law Provision.

Plaintiffs argue that Oklahoma law applies due to a choice of law provision contained in the parties' loan agreements.  (*See* Opposition to Motion to Dismiss at 16; Declaration of Christopher D. Sullivan in Support of Opposition to Defendants' Motion to Dismiss ("Sullivan Decl.") Ex. A; FAC ¶ 30.)  The clause provides that the laws of the state listed on the first page of the agreement are to govern any disputes – in this case, Oklahoma.  (Sullivan Decl. Ex. A.)

"When a federal court sitting in diversity hears state law claims, the conflicts laws of the

1   forum state are used to determine which state's substantive law applies." *389 Orange Street*

2   *Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999).  The Court must therefore look to California

3   law to determine the effect of the asserted choice-of-law provision.  California law evinces a "strong

4   policy" in favor of enforcing choice-of-law provisions.  *Nedlloyd Lines B.V. v. Superior Court*, 3

5   Cal. 4th 459, 464–65 (1992).  Only in two situations will a choice-of-law provision not be enforced:

6   (1) the chosen state lacks a "substantial relationship" to the parties or transaction; or (2) applying the

7   law of the chosen state would violate "a fundamental policy" of a state with a greater interest in the

8   matter.  *Wehlage v. EmpRes Healthcare Inc.*, 821 F. Supp. 2d 1122, 127 (N.D. Cal. 2011).

9          Defendants do not contend that Oklahoma lacks a substantial relationship to the parties or the

10  claims at issue here.  Nor do they argue that the choice-of-law provision is contrary to any of

11  California's policy interests.  Therefore, the Court will enforce the choice-of-law provision and

12  apply Oklahoma law to Plaintiffs' common law claims.

13  **C.     Individual Claims for Relief.**

14         **1.     The Claim for Aiding and Abetting Fraud is Dismissed.**

15         Defendants move to dismiss Plaintiffs' first claim for relief on the basis that it fails to allege

16  fraud with particularity under Rule 9(b).  However, the Court need not reach this argument because,

17  under Oklahoma law, there is no cause of action for aiding and abetting fraud.  *See Eastwood v.*

18  *Nat'l Bank of Commerce*, 673 F. Supp. 1068, 1081 (W.D. Okla.) (dismissing a plaintiff's fraud claim

19  because Oklahoma does not recognize "a cause of action for aiding and abetting common law

20  fraud"); *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10–CV–16–GKF–PJC, 2011 WL

21  221863, at *5 (N.D. Okla. Jan. 21, 2011) ("It does not appear that Oklahoma recognizes a cause of

22  action for acquiescing in, or aiding and abetting, common law fraud.").

23         Accordingly, the Court finds that Plaintiffs have failed to state a claim upon which relief can

24  be granted as to their aiding and abetting allegations.  *See* Fed. R. Civ. P. 12(b)(6).  Therefore,

25  Defendants' motion to dismiss is granted in part on this basis, without leave to amend.

26         **2.     The Claim for Rescission Due to Unilateral Mistake is Dismissed With Leave to
               Amend.**

27

28  Plaintiffs second claim for relief is premised on the allegation that Defendants engaged in

                                                    5

inequitable conduct, inducing Plaintiffs to take out high interest private loans based on a mistaken belief that they would eventually be able to pay down the debt.  (FAC ¶¶ 172-88.)  This claim is therefore "grounded in fraud," and is subject to Rule 9(b)'s heightened pleading requirements.  *See Vess,* 317 F.3d at 1104; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used).") (quoting *Vess*, 317 F.3d at 1105).

Under Oklahoma law, affirmative fraud may be established by demonstrating: (1) a material misrepresentation; (2) known by the defendant to be false; (3) made with the intent to induce reliance; and (4) justifiable reliance resulting in damages.  *Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994).  A fraud claim based on omission and nondisclosure requires that the defendant concealed material facts that, under the circumstances, he had a duty to disclose.  *Id.*  The Court must examine the relationship of the parties and the circumstances in which fraud is alleged to determine whether an affirmative duty to speak existed. *See id.*  "If on account of peculiar circumstances there is a positive duty on the part of one of the parties to a contract to speak, and he remains silent to his benefit and to the detriment of the other party, the failure to speak constitutes fraud."  *Id.* (quoting *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 179 (Okla.1988)).

The Court must first determine whether Defendants had an affirmative duty to speak. Generally, a creditor-debtor relationship does not create a fiduciary relationship.  *In re Hoyt*, 277 B.R. 122, 132 (Bankr. N.D. Okla. 2002) ("Although the Court was unable to locate any Oklahoma case law on point, the general rule is that the relationship of debtor and creditor does not create a fiduciary relationship."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 560 (10th Cir. 2001) (Colorado law);  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional rule as a mere lender of money."); *North Central Kan. PCA v. Hansen*, 732 P.2d 726, 730 (Kan. 1987) (Kansas law).  Plaintiffs do not allege the existence of extraordinary facts that would impose upon Defendants a positive duty to speak.  Accordingly, the Court finds that Defendants had no

United States District Court
For the Northern District of California

6

**United States District Court**
For the Northern District of California

1    affirmative duty to warn Plaintiffs about the risk that they might not be able to pay back their loans.

2        Plaintiffs claim for rescission based on a unilateral mistake of fact is premised on

3    Defendants' presumed duty to tell Plaintiffs that their education was likely to be worthless and that

4    they were unlikely to have the earning power to repay their loans.  (FAC ¶¶ 172-88.)  However, in

5    essence, Plaintiffs are alleging fraud.  (*See id.* ¶ 180) ("Plaintiffs and class members thus entered

6    into the loan agreements at issue based on unilateral mistakes of fact, procured by Sallie Mae's

7    inequitable conduct of not disclosing key facts and itself misrepresenting key facts relevant to

8    Plaintiffs' and class members' mistakes.")  To the extent Plaintiffs are basing this claim upon

9    Defendants' alleged omissions and nondisclosures, the Court finds that Plaintiffs have failed to state

10   a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

11       However, Plaintiffs have also alleged – albeit in a bare bones fashion – that Defendants made

12   affirmative misrepresentations as well.  (*See, e.g.*, FAC ¶ 179.)  Because Plaintiffs have failed to

13   identify any of these alleged misrepresentations, as well as to whom and by whom they were made,

14   where they were made, or when they were made, to they extent they base this claim upon affirmative

15   misrepresentations it fails to satisfy Rule 9(b)'s heightened pleading requirements.

16       Accordingly, Defendants' motion to dismiss is granted as to Plaintiffs' second claim for

17   relief.  Plaintiffs are granted leave to amend, but they must comply with Rule 9(b)'s specificity

18   requirements if they choose to do so, alleging facts sufficient to establish that Defendants' alleged

19   fraud caused Plaintiffs' alleged mistake of fact.

20       **3.    The Claim for Unjust Enrichment is Dismissed With Leave to Amend.**

21       Defendants move to dismiss this claim on the basis that the contracts here have not been

22   rescinded and therefore recovery for unjust enrichment is not available.  Oklahoma courts have held

23   that the existence of an express contract does not preclude "a finding of unjust enrichment where

24   equity demands such a result."  *Lapkin v. Garland Bloodworth, Inc.*, 23 P.3d 958, 964 (Okla. Civ.

25   App. 2000) (citing *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 200 (Okla. Civ. App. 1999)).

26   However, before a plaintiff can recover on a theory of unjust enrichment, the express contract at

27   issue must first be rescinded.  *See French Energy, Inc. v. Alexander*, 818 P.2d 1234, 1238 (Okla.

28   1991) (rescinding contract and ordering a refund); *Lapkin*, 23 P.3d at 964 (returning fees where

contract had been voided and rescinded).

Here, Plaintiffs' claim for rescission due to mistake of fact, as discussed above, fails to allege sufficient facts to survive a motion to dismiss. Therefore, the Court finds that Plaintiffs have failed to state a claim upon which relief can be granted as to their unjust enrichment claim. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiffs' third claim.

### 4.    The Consumer Protection Claims are Dismissed With Leave to Amend.

Plaintiffs' fourth and fifth claims are brought under California Business and Professions Code section 17200 (the "UCL"), and Oklahoma's Consumer Protection Act (the "CPA") respectively. Defendants contend that these claims should be dismissed because they fail to satisfy Rule 9(b)'s particularity requirement.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" as unfair competition. Cal. Bus. & Prof. Code § 17200. It is well-settled that the strictures of Rule 9(b) apply to claims brought under the UCL. *Kearns*, 567 F.3d at 1125 ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.").

Oklahoma's CPA notes, *inter alia*, that making "false or misleading representation[s]" constitutes unlawful business practices. Okla. Stat. tit. 15 § 753. Claims brought under this section must also satisfy Rule 9(b)'s pleading requirements. *Lee v. Enter. Fin. Grp.*, No. CIV–08–1221–M, 2009 WL 1362605, at *4 (W.D. Okla. May 14, 2009) (dismissing plaintiff's CPA claims for failing to allege with particularity the identity of the speaker, as well as the time, place, and contents of the alleged fraudulent statements).

Plaintiffs allege that Defendants knew or should have known of CCA's allegedly fraudulent recruiting scheme, and that Defendants were therefore aware that Plaintiffs would likely be unable to service their loans. Plaintiffs further allege that they entered into these loan contracts based on Defendants' affirmative misrepresentations of fact, as well as Defendants' wrongful omissions and nondisclosures. However, Plaintiffs' allegations fail in several important ways.

First, Plaintiffs do not set forth when any of the alleged conduct took place. Plaintiffs

United States District Court
For the Northern District of California

1  presumably know when they entered into their loans, but they fail to allege when any of them spoke

2  to Defendants' representatives.  Similarly, Plaintiffs do not set forth where the alleged

3  misrepresentations and omissions took place.  Again, these are facts that should be within Plaintiffs'

4  knowledge.  Additionally, Plaintiffs do not identify how they entered into these loans with

5  Defendants.  Even if they do not recall the precise identity of the individual who sold them their

6  loans, each named Plaintiff must identify who is alleged to have made these representations to them

7  and the basis on which that person is alleged to have had authority to act for Defendants.  Finally,

8  Plaintiffs make vague general allegations about affirmative misrepresentations, but fail to set forth

9  precisely what Defendants are alleged to have said.

10      Therefore, the Court finds that Plaintiffs have failed to satisfy Rule 9(b)'s heightened

11  pleading standards, and on that basis grants Defendants' motion to dismiss as to Plaintiffs' fourth

12  and fifth claims with leave to amend.  If Plaintiffs choose to amend, they must allege sufficient facts

13  to establish a breach of the consumer protection statutes.

14                                      **CONCLUSION**

15      For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.  Plaintiffs are

16  granted leave to amend as to claims two through five to file a second amended complaint by no later

17  than October 15, 2013.  If Plaintiffs choose not to file an amended complaint, the Court shall dismiss

18  all claims with prejudice without further notice to Plaintiffs.  If Plaintiffs choose to amend, they

19  must allege facts to satisfy Rule 9(b)'s requirements.

20

21      **IT IS SO ORDERED.**

22

23

24  Dated: September 24, 2013                    _____
25                                               JEFFREY S. WHITE
26                                               UNITED STATES DISTRICT JUDGE
27

28

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California