IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BRADSHAW, et al., | |
| Plaintiffs, | No. C 12-06376 JSW |
| v. | |
| SLM CORPORATION, et al., | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | |

Now before the Court is the motion to dismiss filed by defendants SLM Corporation and Sallie Mae, Inc. ("Defendants"). The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 13, 2014 is hereby VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants Defendants' motion to dismiss.[1]

**BACKGROUND**

Plaintiffs are graduates of the California Culinary Academy ("CCA") who, on behalf of themselves and a putative class, claim that Defendants issued them high-interest private education loans without regard to Plaintiffs' ability to repay them. (See, e.g., Second Amended Compl. ("SAC") ¶¶ 1-3, 7, 10-12, 16.) Plaintiffs allege that CCA fraudulently induced them to attend the school, causing them to pay high tuition fees for educations that turned out to be relatively worthless. (*Id.* ¶¶ 19, 20, 42-55.) Plaintiffs further allege that Defendants acted as

---

[1] Also before the Court is Defendants' motion to strike. Because the Court is granting Defendants' motion to dismiss without leave to amend, Defendants' motion to strike is MOOT.

1 the "preferred lender" for CCA, offering high-interest private loans to Plaintiffs, knowing that
2 the educations Plaintiffs sought were unlikely to fit Plaintiffs to ever repay the loans. (*Id*. ¶¶ 5,
3 7, 85.) Plaintiffs contend that Defendants were aware that loans made to CCA students were
4 "predictably not collectable." (*Id*. ¶¶ 7, 11.) Moreover, Plaintiffs allege that Defendants knew
5 that Plaintiffs were unaware of the high likelihood of default, and purposefully failed to inform
6 Plaintiffs of the risk. (*Id*. ¶¶ 69, 87.)

7 The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Applicable Legal Standards.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court construes the allegations in the complaint in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to

amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

According to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In addition, a claim "grounded in fraud" may be subject to Rule 9(b)'s heightened pleading requirements. A claim is "grounded in fraud" if the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of his or her claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). However, Rule 9(b)'s particularity requirements must be read in harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess*, 317 F.3d at 1106. Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

**B.      Defendants' Motion.**

        **1.      Plaintiffs' Claim for Rescission Due to Unilateral Mistake.**

The Court found that Plaintiffs' claim for rescission in their first amended complaint was premised on their allegation that Defendants engaged in inequitable conduct, inducing Plaintiffs to take out high interest private loans based on a mistaken belief that they would eventually be able to pay down the debt. (FAC ¶¶ 172-88.) The Court found that this claim was "grounded in fraud," and was subject to Rule 9(b)'s heightened pleading requirements. See *Vess*, 317 F.3d at 1104; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used).") (quoting *Vess*, 317 F.3d at 1105).

The Court examined the relationship of the parties and the circumstances in which the fraud was alleged and determined that there was no affirmative duty to speak. The Court noted

3

that generally, a creditor-debtor relationship does not create a fiduciary relationship. *In re Hoyt*, 277 B.R. 122, 132 (Bankr. N.D. Okla. 2002) ("Although the Court was unable to locate any Oklahoma case law on point, the general rule is that the relationship of debtor and creditor does not create a fiduciary relationship."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 560 (10th Cir. 2001) (Colorado law); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional rule as a mere lender of money."); *North Central Kan. PCA v. Hansen*, 732 P.2d 726, 730 (Kan. 1987) (Kansas law). The Court found that Plaintiffs did not allege the existence of extraordinary facts that would impose upon Defendants a positive duty to speak. Accordingly, the Court determined that Defendants did not have an affirmative duty to warn Plaintiffs about the risk that they might not be able to pay back their loans. Plaintiffs fail to cure this defect in their SAC. They have not alleged any additional facts that would impose upon Defendants an affirmative duty to speak.

The Court found that Plaintiffs also alleged – albeit in a bare bones fashion – that Defendants made affirmative misrepresentations, in addition to allegations regarding omissions. However, Plaintiffs failed to plead any misrepresentations with sufficient particularity. The Court provided Plaintiffs with leave to amend affirmative misrepresentations in support of their rescission claim with sufficient particularity. In their SAC, Plaintiffs fail to allege any affirmative misrepresentations by Defendants.

Plaintiffs' claim for rescission based on unilateral mistake fails for additional independent reasons as well. First, the mistake must be as to a past or present fact, not an opinion or judgment as to future events. *See Holmes v. Missouri-Kansas-Texas R.R. Co.*, 574 P.2d 297, 299 (Okla. 1978) (holding that a mistake "must be as to a past or present fact, material to the agreement, and must not be a mistake in prophecy, opinion, or in belief relative to an uncertain event such as probable developments") (internal quotes and citation omitted); *see also Baker v. Penn. Mut. Life Ins. Co.*, 788 F.2d 650, 661-62 (10th Cir. 1986) (expected

future results from performance under the contract, such as the plaintiff's future income, was not a mistake of fact).

Here, Plaintiffs purport to allege six mistakes of fact: (1) Plaintiffs' likely ability to repay their High-Interest Private Loans in full; (2) Sallie Mae's expectations about whether they would be able to repay the loans in full; (3) whether the debt from their High-Interest Private Loan was reasonable and manageable in light of the income opportunities available to them upon graduating CCA; (4) CCA's students' post-graduate delinquency rates and post-graduate default rates; (5) CCA's students' post-graduate income levels, and whether they were commensurate with the loans necessary to pay for CCA's tuition; and (6) CCA's students' post-graduate employment rate. (SAC ¶ 255.) However these are not facts as to past or present events that were material to Plaintiffs' loans. Plaintiffs' likely ability to repay their loans and Defendants' expectations regarding Plaintiffs' ability to repay their loans are merely judgment calls and opinions regarding Plaintiffs' future ability to earn sufficient income upon graduation. With respect to CCA's students' post-graduate default rates, employment rates, and income levels, the only reason these rates would be material to Plaintiffs would be as potential predictors regarding Plaintiffs' actual post-graduation earning rates. Prophecy or opinion regarding Plaintiffs' future earning potential does not constitute past or present facts. Accordingly, Plaintiffs fail to allege this required element.

Moreover, "Oklahoma, like the majority of states, does not permit the rescission of a contract for unilateral mistake unless the other party was aware of the mistaken party's error." *Scrivner v. Sonal Exploratorium Co.*, 242 F.3d 1288, 1293 (10th Cir. 2001). Plaintiffs argue that they have alleged Defendants were aware of Plaintiffs' mistaken beliefs when they executed their loan agreements, but the paragraphs cited by Plaintiffs do not contain such allegations. (Opp. at 9 (citing SAC ¶¶ 80-87, 240, 242, 259-261).) The closest Plaintiffs come to alleging this essential fact is a general, conclusory allegation that Sally Mae had "knowledge of the borrowers' mistakes of fact." (SAC ¶ 261.) This bare conclusory allegation is insufficient. *Twombly*, 550 U.S. at 555. Additionally, in light of Plaintiffs allegations that Defendants had no direct contact or conversations with Plaintiffs, it is not clear how Defendants

5

would have knowledge of their beliefs when they executed their loan agreements. Accordingly, the Court finds that Plaintiffs fail to allege this requisite element as well. Therefore, the Court dismisses Plaintiffs' claim for rescission.

### 2. Plaintiffs' Claim for Negligence.

"The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 57 (1998). "Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court." *Id.* "Recognition of a duty to manage business affairs so as to prevent purely economic loss to third parties in their financial transactions is the exception, not the rule, in negligence law." *Id.* at 58.

California courts have held that, in general, there is no duty of care owed to a borrower by a lender.[2] *See, e.g., Nymark*, 231 Cal. App. 3d 1089, 1096 ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (citing *Connor v. Great Western Sav. & Loan Assn.*, 69 Cal. 2d 850, 864 (1968); *Bradler v. Craig*, 274 Cal. App.2d 466 (1969); *Kinner v. World Sav. & Loan Assn.*, 57 Cal. App. 3d 724 (1976)).

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner*, 101 Cal. App. 3d at 34. The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Id.* (lender lacked duty to disclose "any information it may have had"). "No such duty

---

[2] Plaintiffs argue that the Court held that they alleged sufficient facts to create a duty. However, in granting the motion to provide leave to amend, the Court merely held that it could not find as a matter of law that Plaintiffs could not allege sufficient facts. The Court did not make a finding that Plaintiffs yet had alleged sufficient facts. The Court admonishes Plaintiffs to review the Court's Orders more carefully and to not misrepresent the Court's holdings.

6

exists . . . to determine the borrower's ability to repay the loan. . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d. 1127, 1147 (E.D. Cal. 2013) (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 922-923 (D.Ariz. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan")). "A commercial lender is not to be regarded as the guarantor of a borrower's success and is not liable for the hardships which may befall a borrower." *Sierra–Bay Fed.*, 227 Cal. App. 3d 318, 334 (1991).

Although Plaintiffs argue that they allege "special circumstances" which create a duty to disclose by Defendants, Plaintiffs do not specify what facts support their argument. Upon review of the Complaint, the Court did not find any facts which, if true, would demonstrate that Defendants exceeded the scope of their conventional role as a lender of money and that they actively participated in CCA beyond the domain of the ususal money lender.

Plaintiffs' reliance on *Connor* is unavailing. As the California Supreme Court explained in *Quelimane*, the court in *Connor* recognized a duty by the lender to the home buyers "because the lender had control over the quality of construction but failed to prevent major construction defects in the homes whose construction it financed." *Quelimane*, 19 Cal. 4th at 58.

The Court in *Connor* did not apply the factors from *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958) until *after* it had already determined that the lender "became much more than a lender content to lend money at interest on the security of real property. It became an active participant in a home construction enterprise. It had the right to exercise extensive control of the enterprise." *Connor*, 69 Cal. 2d at 864. Plaintiffs fail to cite to any authority supporting their proposition that a lender, even a "preferred lender," that does not exceed its conventional role as a lender owes a duty to protect borrowers from the risk of their choice to take out a loan. In the absence of such authority, Plaintiffs' claim for negligence fails as a matter of law.

**3. Plaintiffs' Remaining Claims.**

In light of Plaintiffs' failure to allege any unilateral mistake of fact or any duty of care owed by Defendants to Plaintiffs, Plaintiffs remaining claims all fail. Similar to Plaintiffs'

negligence claim, their claim for fraudulent concealment requires a duty to disclose. *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 96 (2001). In the absence of any unilateral mistake or duty to disclose, Plaintiffs have no basis for their unjust enrichment claim or their consumer protection claims.

**4.  Leave to Amend.**

Leave to amend shall be given, unless doing so would be futile. *Reddy*, 912 F.2d at 296; *Cook, Perkiss & Liehe*, 911 F.2d at 246-47. The Court finds that providing leave here would be futile. Plaintiffs have already amended their complaint a number of times. They clearly believe they were defrauded by the school the attended, CAA and seek to hold Defendants partially liable. However, they have not alleged facts sufficient to state a claim against Defendants. Their main theories, that Defendants owed a duty of care to them or that they made a unilateral mistake of fact of which Defendants were aware, both fail as a matter of law. Although Plaintiffs initially alleged Defendants made affirmative misrepresentations, they omitted these allegations after the Court instructed them to plead any such misrepresentations with more specificity. Plaintiffs have not suggested any other theory upon which they could hold Defendants liable. Accordingly, the Court will not provide leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: May 29, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8